# Standard Oil Company, et al. v. Marlow, by Next Friend.

(Decided November 20, 1912.)

## Appeal from Pulaski Circuit Court.

1. Master and Servant—Laborer Employed by Job Not Servant—Injury to Infant.—A painter who is employed by the job to do some painting is not a servant of the employer, and the latter is not answerable for the painter's failure to watch over an infant, when he goes away and tells the painter to lock up when he is through.

2. Master and Servant—Injury to Infant—Liability.—A person who tells an infant to wash his clothes in gasoline and burn the gasoline, giving him no warning of the danger, is liable to the infant for the injuries he thus receives, if he had reason to know that the infant would be in danger in doing this.

3. Instructions—Willful Neglect Instructions.—Willful neglect instructions should not be given unless there is evidence showing wantonness, malice or recklessness.

4. Instructions—Contributory Negligence Instructions.—A contributory negligence instruction should be given in the case of a boy ten years old where it was shown that he was warned of the danger and had intelligence sufficient to understand it.

O. H. WADDLE & SONS for appellants.

ROBT. HARDING, E. V. PURYEAR and D. E. McQUEARY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

The Standard Oil Company maintains an oil house at Burnside, Kentucky, and in February, 1911, had Willience Uhl in charge of it. Uhl had employed Willie Cox to paint some barrels that were in the house. Cox was fourteen years old. It was Uhl's business to paint the barrels but he had agreed to pay Cox to paint them for him. While Cox was painting the barrels, Joe Marlow, who was ten years old and lived next door to the oil house, came along from school. Cox asked him if he did not want a job, and offered him ten cents to help him finish the barrels, Marlow went home and asked his mother's permission and returning, borrowed a pair of overalls from another boy who had been assisting Cox but had gotten tired of the job. The proof is conflicting as to what followed. According to the proof for the

plaintiff, after Marlow came back and went to painting, Uhl went home, his mother being sick, and told the boys when he left to wash their clothes and hands in gasoline when they got through, and if the gasoline was not dirty to pour it back in the can, but if it was dirty to put it out in the street and burn it. The boys painted on until quitting time and then each got some gasoline in a pan and washed his hands, also the paint off his shoes and his waist. Cox who finished washing first then took his pan of gasoline out in the street and poured it on a pile of trash and set it afire. Marlow started out with his pan of gasoline to throw it on the fire, but a man named Wright stopped him, and he then took the pan back and went out to where the fire was. He was standing by the fire flipping the fire with a stick, when the gasoline on his shoes and waist took fire, and he was severely burned.

According to the proof for the defendant however, Uhl left and went home before Marlow came there and went to painting, and Uhl had frequently forbidden Marlow to be about the place. When he left he simply told Cox to close up when he got through painting the barrels, and did not say anything to him about burning the gasoline. The burning of the gasoline was suggested by another bay named Garland, who had then come in. Ambrose Wright who lived in the town came up while Marlow and Garland were in the street flipping the fire with a stick. Wright scolded the boys about playing in the fire, and told them it was dangerous. Marlow's mother was at her gate and she also hollowed at her son. Wright told them to go away it was no place for them, and watched Marlow until he got to the gate and then turned and went in the oil house. In a few minutes he looked around and saw Marlow going out of the door with a pan of gasoline. He took it from him and threatened to thrash him if he didn't go away. He told him not to come back any more, and watched him until he got to his mother again at the gate. He then turned to draw some coal oil, and while he was drawing it, heard Marlow hollow. At the time that Marlow caught fire according to the proof for the defendant, he and Garland were throwing fire on each other.

This suit was filed by Marlow to recover for his injuries against the Standard Oil Company and Uhl. On a trial of the case he recovered a judgment against the

Standard Oil Company for $3,500, and against Uhl for $500. The defendants appeal.

The chief error relied on for reversal is that the court erred in instructing the jury. The court gave the jury these instructions:

"1. If you believe from the evidence that defendant, Willience Uhl, and witness Cox were in the employment of the defendant, Standard Oil Company or in charge and control of said company's business, and its oils and gasoline at Burnside, and the plaintiff, Joe E. Marlow, went upon said company's premises and engaged in the work of painting barrels thereon at the request of said Cox, or with the knowledge or consent of either Cox or Uhl, and after so doing washed his hands and clothing with gasoline, and was directed so to do by the defendant, Uhl, or did so with the knowledge and consent of Cox, and said Cox was instructed by said Uhl to throw said gasoline into the street and burn same, or did so without such instruction, and said Uhl or said Cox knew, or by the use of ordinary care could have known that the plaintiff would be or was in danger because of said gasoline upon his clothing and hands of being set on fire from said burning gasoline while about or near same, and you further believe from the evidence that plaintiff's injuries were due to and caused by said fire in the street and his hands and clothing having said gasoline upon them, then you will find a verdict for the plaintiff under this instruction against the defendant, Standard Oil Company."

"2. If you believe from the evidence that the defendant Willience Uhl, was in the employment of the defendant, Standard Oil Company, or in charge and control of said company's business and plaintiff went upon the premises of said company and engaged in the work of painting barrels at the request of Willie Cox, and with the knowledge and consent of said Uhl, and after so doing the plaintiff washed his hands and clothing with gasoline, and was directed so to do by said Uhl, and said Cox was instructed by said Uhl to throw gasoline into the street and then burn same, and said Uhl knew, or by the use of ordinary care could have known that the plaintiff would be or was in danger because of said gasoline upon his hands or clothing of being set on fire from said gasoline while near or about said fire in the street, and his clothing and hands having said gaso-

line upon them, you will find a verdict for the plaintiff against both of the defendants, Standard Oil Company and Willience Uhl.''

''3. If your finding be for the plaintiff under instruction No. 1 or No. 2 or under both instructions, you will find such a sum in damages as you may believe from the evidence will fairly and reasonably compensate plaintiff for any pain or suffering, mental and physical, caused him by his injuries, and for any permanent impairment of his power to earn money resulting from his injuries, and if you believe from the evidence that the defendants were guilty of gross negligence in causing said injury, if they did cause them, then you may in addition to compensatory damages find also punitive damages, your whole finding not to exceed however, the sum of $20,000.00 the amount claimed in the petition.''

The court did not err in refusing to instruct the jury peremptorily to find for the defendants; for if Uhl told the boys to wash their clothes and hands in the gasoline, and then burn the gasoline, it was a question for the jury whether Uhl committed to them a dangerous agency for a child ten years old who would not understand the inflammable character of gasoline or the danger of going near the fire with the gasoline still upon him, and whether Uhl was negligent in so doing.

But the first instruction is erroneous. Neither the Standard Oil Company nor Uhl were liable for the acts of Cox. A man who employs a painter by the job to do some painting at his place of business, and is called away before the painter finishes, does not constitute the painter his agent when he tells him to lock up when he gets through. Cox was not in the service of the Standard Oil Company; he was a mere painter paid to do a specific work by Uhl who made the contract with him on his own behalf. The first instruction should therefore have been omitted. In Wells v. Kentucky Distilleries Co., 144 Ky., 438, a servant who was for the time in charge of some large vats containing hot water, in doing some work about them, sent a little child above the vats, or allowed him to be up there, knowing the danger in which he was placed. The master was held liable on the ground that the servant knew the danger in which the child was placed and should have protected him. But that is not this case. It falls rather within the principle laid down in Corrigan v. Hunter, 139 Ky.,

315; for here Cox was simply a painter working for Uhl by the job.

In lieu of the second instruction on another trial the court will tell the jury that if they believe from the evidence that Uhl told Cox and Marlow when they quit to wash their hands and clothes in gasoline, and burn the gasoline, if dirty, in the street, and that Uhl then knew or by the exercise of ordinary care should have anticipated that Marlow in obeying his order, considering his age and experience would be exposed to the danger of being burned, and that by reason thereof, he received the injuries complained of, they should find for the plaintiff against both the defendants, unless the jury so believe from the evidence they will find for the defendants.

We have repeatedly held that an instruction on gross negligence should not be given unless there is evidence tending to show that the defendant acted maliciously, wilfully or with such gross negligence as to indicate a wanton disregard of the rights of others. (See So. R. R. Co. v. Goddard, 121 Ky., 567). While the evidence here was sufficient to take the case to the jury on the question of negligence, there was no evidence of recklessness or wanton disregard of the safety of others. In fact we are satisfied from all the evidence, the trouble would never have occurred if the Garland boy had not come up and suggested the burning of the gasoline, and then begun playing in the fire with Marlow. The defendants are not liable unless Uhl knew that the plaintiff had been engaged by Cox to assist him in painting the barrels, and directed him to use the gasoline as indicated in the instruction; for even if Uhl knew that Marlow was working with Cox, he had no reason to anticipate any danger to Marlow from this, unless he directed them to use the gasoline and burn it. Gasoline is in common use for lighting and heating purposes; it is also used often as a cleanser. A man who has some gasoline about his house is not liable if some children without his knowledge or consent get into it, and while using it to make a bonfire, get burned. In order to make a keeper of a common article like gasoline liable to a child, it must appear that in the exercise of ordinary care, he should have anticipated danger to the child.

The defendant asked this instruction, which was refused:

"Although you may believe from the evidence that defendants or either of them were guilty of any negligent act that caused the burning of plaintiff complained of, as defined in instructions Nos. 1, 2, but you shall further believe from the evidence that plaintiff was warned and commanded to leave and not play with the fire in the street, and that he was warned of the danger in so doing, and you shall further believe from the evidence that the plaintiff at the time knew of such danger, or in the exercise of such degree of care and discretion as is reasonably to be expected of a boy of his age, should have known of such danger, and that plaintiff had at the time sufficient intelligence and discretion to understand the warning given him not to play with the fire, and notwithstanding such knowledge and warning he persisted in going near to and playing with the fire, then he was guilty of such negligence on his part as prevents any recovery herein, and you will find for defendants."

The instruction should have been given. There was abundant evidence to show that Marlow was warned of the danger and that his injuries were due to his obeying the positive instructions which were given him after he was notified of the danger, and while it cannot be said as a matter of law, that he was guilty of such contributory negligence as bars a recovery in view of his being a boy only ten years of age, there was ample evidence to take the question to the jury.

Judgment reversed and cause remanded for a new trial.