### Ross v. Louisville Taxicab & Transfer Company.

(Decided April 29, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Municipal Corporations—One Negligent in Crossing Street May Recover Under Humanitarian Doctrine.—Though pedestrian may be negligent in crossing a street, still he may recover for injuries by automobile if, after his peril is discovered or by ordinary care should be discovered, the driver could by ordinary care avoid the injury, and it was error for the court to refuse to so qualify instruction on contributory negligence.

2. Municipal Corporations—Proper Instruction on Care Required of Pedestrian Crossing Street Between Intersections.—In action for injuries to pedestrian crossing street between intersections the court should instruct, "If it is more dangerous to cross a street between intersections than at the intersection, a person, so crossing the street, should exercise such increased care in proportion to

the increased danger, as a person of ordinary care and prudence would ordinarily exercise under like circumstances."

ROBERT G. GORDON, LEO T. WOLFORD, and BRUCE, BULLITT & GORDON, for appellant.

DAVIESS, PAGE & DOWNING for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

W. D. Ross was a letter carrier in Louisville, Kentucky. Between nine and ten o'clock on March 10, 1921, he was struck by a taxicab owned and operated by appellee, as he was crossing Third street between York and Breckinridge. By the collision his leg was broken and he was unable to follow his avocation for something like six months and since then has suffered much from his leg. He brought this suit to recover for his injury. The facts as stated by him are these:

He and his wife had been to the theatre and were returning home. When they reached York street the crossing at the intersection was obstructed and they walked south on the west side of Third street until they got opposite their home, which was on the east side, and then undertook to cross the street to their home. When they started across he saw the taxicab approaching from the south three hundred feet from them, also a motorcycle coming from the north and over two hundred feet away. The street from curb to curb was thirty-eight feet wide. The automobile struck them when they were over two-thirds of the way across the street. There was a good arc light in the middle of the square which illuminated the street; the lights of the taxicab were burning brightly and there was nothing to prevent the chauffeur from seeing them as they were in plain view from the time they started across.

The proof for the defendant is to the effect that Ross and his wife came out from behind a car that was parked on Third street eight or ten feet in front of the taxicab and too close to it to avoid injury to them after the peril was discovered.

The court submitted the case to the jury under instructions given by it, refusing the instruction on contributory negligence asked by the plaintiff. The plaintiff appeals.

The plaintiff asked the court to qualify the usual instruction on contributory negligence by adding to it these words:

"Unless you should further believe from the evidence that before the accident the chauffeur in charge of the taxicab saw, or by the exercise of ordinary care could have seen plaintiff, Ross, far enough in front of him that said chauffeur could have, by the exercise of ordinary care, avoided the injury to plaintiff, but failed to do so, in which latter event the law is for the plaintiff and you will so find."

The court refused to do this and gave the usual contributory negilgence instruction without any similar qualification. This was error. There was abundant proof, considering alone the plaintiff's evidence, to warrant the conclusion that the chauffeur should have seen these people and by ordinary care could have avoided striking them. According to the plaintiff's testimony while they were walking rapidly twenty-five feet the taxicab ran over three hundred feet and they were in plain view during all this time.

The rule is that though the plaintiff may have been negligent in crossing the street, still he may recover if after his peril is discovered or by ordinary care should be discovered, the driver of the vehicle by ordinary care may avoid the injury to him. This rule was declared by this court in 1856 and has been consistently followed since. See L. & N. Railroad Company v. Lowe, 118 Ky. 273; Doll v. Louisville Railway Company, 138 Ky. 486; I. C. R. R. Company v. Pierce, 175 Ky. 493; Bradas v. Henry Vogt Machine Company, 175 Ky. 803; Louisville Railway Company v. Broaddus, 180 Ky. 307; Mainwaring v. Geisler, 191 Ky. 532.

The case of L. & N. Railroad Company v. Trisler, 140 Ky. 451, in no manner conflicts with the above. The last clear chance doctrine referred to in that opinion is a very different thing from the rule above referred to.

The appellant also insists that the court by its instructions required of the plaintiff the exercise of a greater degree of care than a person of ordinary prudence would usually exercise under like circumstances. We do not think the court meant this, but to avoid any

misapprehension on another trial, the following words will be omitted from the second instruction:

"If you believe from the evidence that it was more dangerous to cross the street between intersections than to cross at the intersection, then it was Ross' duty to exercise, for his own safety, such increased care as you may believe from the evidence may have been required by the additional danger, if there was any additional danger."

The court will then add to the fifth instruction defining ordinary care these words:

"If it is more dangerous to cross a street between intersections that at the intersection a person, so crossing the street, should exercise such increased care in proportion to the increased danger, as a person of ordinary care and prudence would ordinarily exercise under like circumstances."

Judgment reversed and cause remanded for a new trial.