## Corlew's Administrator v. Young.

(Decided October 26, 1926.)

Appeal from Warren Circuit Court.

1. Automobiles.—Evidence, in action for injuries to child run over by automobile, held for jury.
2. Negligence.—Lack of discretion in unusually bright child eight years of age is not conclusively presumed, but may be rebutted by proof, and becomes issue of fact for jury.
3. Trial.—Error cannot be predicated on failure of court to instruct on issue of last clear chance theory, in absence of request therefor.
4. Appeal and Error.—Incorporating in different instructions definition of contributory negligence of child run over by automobile held not prejudicial error.

GARDNER, DENTON & WADE for appellant.

RODES & HARLIN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—
Affirming.

Irene Corlew, a bright, intelligent child, eight years of age, while crossing the Morgantown pike, a short distance west of the city limits of the city of Bowling Green, was run over and killed by a touring car. In suit by her personal representatives against A. W. Young, the owner and driver of the car, for negligence producing

her death, a verdict was returned and judgment entered in favor of the defendant, from which the plaintiff appeals.

The pike runs practically east and west and is nearly straight for some distance in either direction from the point of the accident, which occurred nearly opposite the residence of W. A. Palmer, with whom intestate lived. This residence is on the north side of the pike and sets back something like one hundred feet from the road, on a lot seventy-five feet in width. On the opposite or southern side of the road are two residences located within about seventy-five feet of each other, known as the "Duncan and Stoll houses," the "Duncan house" being a few feet west of an extension of the west line of the Palmer lot.

The injury occurred in the late afternoon of May 23, 1925. Appellee was approaching the city of Bowling Green from the west. At the time there was a Ford car facing east, parked on the side of the pike in front of the "Duncan" house. According to plaintiff's evidence it was wholly outside the metal portion of the road, while defendant states that the left wheels occupied as much as two feet of the metal. The child was playing with some other children on the side of the parked car next to the "Duncan" house and ran around the front end of it and started across the pike. Defendant was driving a Dodge touring car; his wife was in the front seat and five passengers, including two daughters and one son, were on the rear seat. Trailing this car at a distance of twenty or thirty feet were two gentlemen in a Chevrolet. The occupants of both cars estimated the speed they were travelling at from twelve to fifteen miles per hour. The defendant testifies that in order to give sufficient clearance to the parked car he drove in the center of the pike; that he did not see the child until he was passing the other car, when suddenly he observed her left hand raised in front of his right fender; he swerved his car to the left and stopped it within about fifteen feet, but too late to save the child; upon stopping he got out of his car and went back; she was picked up by Mr. Kiefer, who was in the second car, and carried to the house; after this was done he moved his car from the center of the road where it had stopped, up about fifty feet to Palmer's mail box. His statements are fully corroborated in all of these particulars by two of the

occupants of his car, and in the main by four witnesses who were in front of the Stoll house and who testify that they saw the entire accident, the substance of their testimony being that the little girl had been playing on the fender of the parked car next to the "Duncan house" and that she left off playing and ran around in front of the car and started across the street; at that instant they saw a Dodge car passing the parked car. The child threw up one hand, the driver swerved to the left and applied the brakes, the child falling between the right fender and the wheel; the car was stopped within fifteen feet. The other occupants of his car did not see the child.

For the plaintiff Mrs. Palmer testifies that she was in her yard some forty feet from the accident; that defendant's car was without brakes and travelling at a rapid rate; that the child had passed the center of the road and was within three feet of the northern edge of the metal when she was run over; that the car continued to run for fifty or sixty feet and reached her mail box before it stopped.

One of the occupants of the Chevrolet did not see the child until after it was run over. The driver saw her just as she was struck; both say their car was stopped within fifteen feet of where the child lay and one of them picked her up and carried her into the Palmer residence. Her skull was fractured and she was bleeding profusely.

Other witnesses testify as to measurements; that it was forty-two feet from the parked car to where the pool of blood was in the pike, and sixty feet further to the mail box at which it was claimed that defendant stopped his car, the theory of the plaintiff being that defendant was driving at a rapid rate and run over the child on the left side of the road. Clearly there was sufficient evidence to submit the case to the jury, and the only ground urged for reversal is error in instructions.

The defendant pleaded contributory negligence upon the part of plaintiff's intestate and the court submitted this issue to the jury. It is urged that by reason of her tender years it is conclusively presumed that intestate could not be guilty of contributory negligence and no instruction upon this point should have been given. As to this it may be said that the evidence shows without contradiction that the intestate was an unusually bright child eight years of age. As to such children lack of dis-

cretion is not conclusively presumed but may be rebutted by proof, and becomes an issue of fact to be determined by the jury under proper instructions. City of Owensboro v. York's Admr., 117 Ky. 294; Davis, Admr. v. Ohio Valley Bank & Trust Co., 127 Ky. 800; U. S. Natural Gas Co. v. Hicks, 134 Ky. 12; Standard Oil Co. v. Marlow, 150 Ky. 647; Trent v. Norfolk & Western Ry. Co., 167 Ky. 319; Macon v. Paducah Street Ry. Co., 110 Ky. 680.

No instructions were offered by the plaintiff and those given were prepared by the court on its own motion, there being no reference to the "last clear chance" theory in any of them. Without criticising the form or language of those given, appellant now insists that the one upon contributory negligence should have been qualified on this hypothesis, and that he was entitled to a recovery on that theory. Under the physical facts proven and the direct statements of Mrs. Palmer, appellant may have been entitled to a submission on that issue, but as it is admitted that the instructions were proper so far as they went appellant cannot have relief for the failure of the court to instruct upon that issue in the absence of a request for him to do so. L. H. & St. L. Ry. Co. v. Roberts, 144 Ky. 820; Mad. Hart & Eastern Ry. Co. v. Thomas, 140 Ky. 143; E. Tenn. Coal Co. v. Cook. 155 Ky. 649; Hatfield v. Payne, Agent, 195 Ky. 313.

It is also urged that the court placed undue emphasis on contributory negligence by repetition. It appears that in the first instruction after setting out the hypothesis upon which plaintiff could recover, the court added this qualification:

"  . . .   Unless they believe from the evidence that the deceased, Irene Corlew, was herself negligent in the sense that she failed to exercise for her own safety that degree of care usually exercised by persons of her intelligence and discretion under the same or similar circumstances, and that by reason of such failure on her part, if any there was, she helped to cause or bring about the death complained of, and that for such failure she would not have been killed."

The second instruction authorized a verdict for the defendant, if the deceased was guilty of contributory

negligence, with a reference to the rule of law applying to children, and a definition similar to that in the fifth instruction, and the fifth is a correct definition of contributory negligence as applied to a child the age of deceased. It is unnecessary for the court to define contributory negligence more than once, and this issue could have been limited to fewer instructions, but as the definition given was proper, we do not think its incorporation in the different instructions prejudicial.

No other questions being raised, the judgment is affirmed.