## DeGraw et al. v. Levin et ux.

(Decided April 25, 1930.)

JOSEPH J. HANCOCK for appellants.

MARK BEAUCHAMP for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On August 20, 1927, the appellee B. Levin submitted to Roy J. De Graw, through the Shatz Realty Company, a proposition in writing to trade certain real property owned by him for an apartment building located on Glenmary avenue, Louisville, Ky., owned by De Graw. This proposition was rejected on August 25, 1927, and a counter proposition was submitted by De Graw which was accepted by B. Levin. The contract was also signed by Levin's wife, Sadie Levin. The De Graw property was conveyed to B. Levin, and thereafter Levin and wife brought this action to recover the value of certain articles which they claimed had been removed from the apartment building after it had been purchased and which were included in the contract of sale. The jury returned a verdict for the plaintiffs in the sum of $338, the value of four gas heaters which plaintiffs claim were located in the basement of the apartment building when they inspected it, and which were used for the purpose of heating the basement.

The following clause appears in the contract:

"All shades, screens, linoleums, in-a-door beds, curtain rods, gas stoves and ranges, refrigerators whichever belong to the property also carpets on stairways, lawnmower, sprinkling hose, garbage cans and all other appurtenances which belong to the property on Glenmary are to be included in the sale price and I am to include all such shades and screens and other appurtenances whichever belong to my properties hereinabove described."

This clause of the contract clearly included the four gas heaters, regardless of whether they were fixtures, if they were in the building, or represented to be therein, when the negotiations for its purchase were concluded. De Graw claims that they were removed from the building in July, 1927, and before he had any negotiations with Levin for the sale of the building. There was evidence, however, that they were in the building when it was inspected by Levin and his wife a day or two before the contract was closed, which made the question one for the jury.

On the trial of the case, both Levin and his wife, Sadie Levin, were permitted to testify. They went to the building together on two or three occasions and

inspected it, and both testified as to what they found on these occasions. The husband having testified, the wife was an incompetent witness under section 606, subsection 1, of the Civil Code of Practice. This precise question was before us in City of Covington v. Geyler, 93 Ky. 275, 19 S. W. 741, 743, 14 Ky. Law Rep. 145 and Weber v. Lape, 145 Ky. 769, 141 S. W. 67. In the first cited case, which was an action against the city brought by Geyler and wife for injury to real estate owned by them jointly, the court said:

"It seems to us very clear that to permit both husband and wife to testify in an action like this would be in direct conflict with both the language and manifest meaning of section 606; for while they have an equal and undivided interest in the lot and the injury to the building thereon, of which they complain, affected them jointly and equally, still the testimony of either in this case would be testimony for the other. In our opinion, therefore, it was error to permit both appellees to testify in this case."

It follows that the court erred in permitting both husband and wife to testify.

Wherefore the motion for an appeal is sustained, the appeal granted, and the judgment reversed for further proceedings consistent herewith.