## Prestonsburg Water Co. v. Osborne et al.

(Decided Dec. 17, 1937.)

S. S. WILLIS and ALLEN & TACKETT for appellant.
J. B. CLARKE for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

Ballard Osborne and Mary Osborne have recovered judgment against the Prestonsburg Water Company, a corporation, for $1,000, and the latter is appealing. The judgment represents damages alleged to have been sustained by appellees by the destruction of their residence and its contents by fire alleged to have resulted from the failure of appellant to furnish water for fire fighting purposes as required by the ordinance under which it was operating its plant. Buildings of William Dingus and others in the vicinity burned at the same time.

One of the grounds argued for reversal is that the court over objections of appellant permitted Ballard Osborne to testify for his wife, Mary Osborne, who was

the owner of the property. The evidence shows that the title to the real estate was in the name of Mary Osborne and that the house as well as its contents were insured in her name. When called as a witness, Ballard Osborne testified in substance that he "guessed" he owned the household goods and furnishings. He should not have been permitted to testify under the guise of ownership or joint ownership unless he was in fact the owner of the property and he should have been required to state positively concerning his title or ownership of the property.

In DeGraw v. Levin, 234 Ky. 73, 27 S. W. (2d) 432, and other cases cited under section 606 of the Civil Code of Practice, it has been held that in actions for damages arising from injuries to real property jointly owned by husband and wife, either but not both may testify and we see no reason why the rule should not apply alike to personal property. This case was heard with that of Prestonsburg Water Company v. William Dingus, 271 Ky. 240, 111 S. W. (2d) 661, this day decided and with other actions growing out of the same conflagration and in all material respects, except as above recited, the pleadings, evidence, etc., are the same in all the cases. On the authority of the opinion in the Dingus Case and for the reasons assigned the judgment is reversed and the cause remanded for proceedings consistent with that opinion. All other questions being reserved.

Whole court sitting.