## Fahrenholtz et al. v. Loomis et al.

Oct. 6, 1939.

10

Chas. E. Lester, Jr., Lawrence Riedinger, Jr., and J. W. Cammack for appellants.

F. S. Connely and Vest & Vest for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

In this action it was claimed by appellants that while their truck, loaded with beer, was proceeding along the highway in the rear of appellees' car, Mrs. Loomis, driving the car, brought it to an abrupt stop in the highway, at a point where there had been a wreck and a car overturned over the edge of the highway, without any signal of her intention to do so; that the driver of the truck, being unable to go to the left of appellees' car by reason of the fact that another car was approaching from the opposite direction, was compelled, in order to avoid a collision, to run off the right side of the highway, thereby overturning the truck and producing serious damage to it and the cargo.

On trial before a jury the verdict was for the appellees, and judgment was rendered dismissing appellants' petition, from which judgment this appeal is prosecuted.

Evidence for the appellees was to the effect that their car did not come to an abrupt stop but slowed up gradually at the point of the wreck and came to a stop some distance after the wreck was passed; that appellants' truck ran off the road behind them some distance before their car came to a stop.

Appellants contend that the evidence was insuffi-

cient to support the verdict, but we are unable to give serious consideration to this contention, as the evidence was highly conflicting and about as strong for one side as for the other.

It is also contended by appellants that the trial court committed error in giving instruction No. 1 to the jury, the portion of that instruction particularly complained of being as follows:

"When two motor vehicles are traveling the same highway in the same direction, the one trailing the other, it is the duty of the driver of the trailing motor vehicle to so govern his speed and keep back such a reasonably safe distance as to provide for the contingency of the front vehicle suddenly stopping or decreasing its speed and to have his motor vehicle under such control that he is able to stop within the distance between the front vehicle and the trailing motor vehicle."

It is argued for appellants that this instruction, in effect, made the truck driver an insurer against any accident, although it might have resulted by reason of appellees' negligence, and it appears to us there is much reason in this argument. It is true that in Owen Motor Freight Lines v. Russell's Administrator, 260 Ky. 795, 86 S. W. (2d) 708, 711, this court said that where one motorist is trailing another he "must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of the front vehicle suddenly stopping or decreasing his speed, so he can stop or decrease his speed to avoid a collision," but no instruction was directed to be given along this line; and in Vinson v. Kissinger's Adm'r, 274 Ky. 606, 119 S. W. (2d) 628, there seems to have been a partial disapproval of such language, at least as applied in the form of an instruction, the court saying that the facts on which that quotation was founded were not similar in any respect to the facts under consideration.

Where certain duties are imposed on a motorist by statute it is, of course, proper to instruct on those duties in the language of the statute, but this court has recognized the principle that even though a specific duty is imposed on a party by common law, nevertheless, it is not always proper to instruct the jury specifically on this duty. Jackson's Adm'r v. Rose, 239 Ky. 754, 40 S. W. (2d) 343.

There is little doubt in our minds that the instruction complained of, even though it be conceded to be technically correct as an abstract proposition of law, dangerously approaches, in effect, to telling the jury that the trailing motor vehicle must, in any event and at its peril, see that no collision occurs with the preceding vehicle, regardless of any negligence on the part of the operator of that vehicle. It is calculated to convey to the jury the idea that no duty is imposed upon the driver of the preceding car and that, regardless of such driver's negligence, the driver of the trailing vehicle should anticipate an unexpected emergency, whether warned of the intention of the preceding car to stop or not. In the form given it undoubtedly imposed excessive care on the part of the trailing vehicle.

Instruction No. 1 also told the jury that it was the truck driver's duty when rounding a curve to drive at such a rate of speed as to enable him to stop within the range of his vision from any given point. This was error and should have been omitted, since the curve on which the vehicles were operating, if they were operating on one, had no casual connection with the accident complained of. The evidence shows without contradiction that the truck was driving in full view of the preceding car at all times mentioned in the evidence.

The judgment must be reversed by reason of the error in this instruction, and on the next trial we suggest an instruction in substantially the following form in lieu thereof (there being in this case no evidence that the truck was attempting to pass the car):

"It was the duty of the truck driver to have the truck under reasonable control and operate it in a careful manner with due regard for the safety of his truck and the safety of other traffic on the highway, and, in traveling behind defendant's car on the highway, to keep such distance between it and his truck as was reasonable in the circumstances in the exercise of ordinary care to avoid collision with it, having due regard for the traffic and conditions existing on the highway; to keep a reasonable lookout and exercise ordinary care to avoid collision with the car in front of him and for the safety of his truck; if the jury believe from the evidence that the truck driver failed to observe one or more of these duties and that such failure on his part caused the

damage to the truck and cargo or contributed to causing same to such an extent that, but for such failure on his part, such damage would not have occurred, you should find for the defendants.''

Complaint is also made of instruction No. 4. By this instruction the jury were told that if the appellees' automobile was caused to slow down or stop quickly on account of an emergency existing on the highway and if, in so doing, she was unable to give any signals of her intention to stop, she was excused from giving such signals by the existence of such emergency. This instruction should not have been given. It is apparent from the testimony of the appellees themselves that there was no emergency requiring them to stop suddenly, such as would excuse signals of their intention so to do required by law. Mrs. Loomis testified that a man was in the road at a point of the wreck signaling for her to stop, but this was no sudden emergency requiring a sudden stop, such as to excuse the stop signal. On the next trial this instruction should be omitted.

Complaint is also made of the refusal of the trial court to give an instruction offered by appellants concerning the duty of appellees not to stop their car on the highway for any purpose whatever within 100 feet from a curve in the highway which obstructed the view for a distance of less than 150 feet from the curve. We see no error on the part of the trial court in refusing this instruction. Since the truck had been trailing the appellees' car on the highway for some time and was in full view thereof it was immaterial, as far as the accident in question was concerned, whether the stopping of appellees' car was on a curve or on a straight road. Instruction No. 2, covering the duty of appellees to signal to the truck driver their intention to stop, was sufficient on this point.

Both Mr. and Mrs. Loomis testified fully about all matters involved on the trial. It is contended by appellants that the court was in error in permitting both husband and wife to testify concerning the same matters. In this contention it appears appellants are correct. Many cases have been decided in this court holding that both husband and wife may not testify as to the same matters in actions brought by or against them, some of which are Prestonsburg Water Company v. Osborne, 271 Ky. 245, 111 S. W. (2d) 664; Watson v. Gilliam, 252

Ky. 762, 68 S. W. (2d) 399; Jefferson County v. Bischoff, 238 Ky. 176, 37 S. W. (2d) 24; De Graw v. Levin, 234 Ky. 73, 27 S. W. (2d) 432; Weber. v. Lape, 145 Ky. 769, 141 S. W. 67. On the next trial either, but not both, of appellees should be permitted to testify as to what happened at the time of the wreck.

Complaint is also made of the refusal of the trial court to permit the witness, George W. Layman, to answer a question, which has been numbered question 32 in the transcript of the evidence, with reference to whether a truck damaged as was appellants' truck could be put in as good running order as it was before the accident. This ruling of the trial court was not prejudicial to appellants in view of the fact that the jury found for appellees, but on the next trial the witness should be permitted to answer this question if it is asked.

Judgment reversed for further proceedings consistent with this opinion.