Clyde BALDWIN et al., etc., Appellants,

v.

Lewis HOSLEY et al., Appellees.

Court of Appeals of Kentucky.

June 5, 1959.

As Modified on Denial of Rehearing Nov. 20, 1959.

William A. Young, Frankfort, for appellants.

Robert H. Measle, Lexington, Marion Rider, Frankfort, for appellees.

STANLEY, Commissioner.

This is a consolidated action by the father, as next friend of Douglas Woodyard Baldwin and David Stephen Baldwin, infants, to recover damages for their personal injuries, and by Clyde and Marjorie Baldwin, their parents, to recover expenses incurred and for lost time from work in order to care for the children during their incapacity. The action is against Lewis Hosley and his wife, Shirley Hosley. A verdict was returned for the defendants, and the plaintiffs prosecute this appeal from the judgment entered thereon.

On December 20, 1956, while Douglas, aged eight, and David, aged five, were crossing from the north side of East Main Street in Frankfort (which is U. S. Highway No. 60) to their home on the south side, about two hundred feet east of the Memorial Bridge, they were struck by an automobile owned by Lewis Hosley and driven by his wife. This is a heavily traveled street and highway, and the automobile was going downhill.

The evidence of the driver's negligence is that at the scene of the accident, and later at the hospital, when Mrs. Hosley was greatly disturbed, she had said, in the presence of several different witnesses, that the accident was her fault, her windshield was steamy or foggy and she did not see the children. The street is straight, and it would appear that there was nothing other than a steamy windshield to prevent

the driver from having seen the children had she been maintaining a proper lookout.

On the other side, the driver's evidence is, in substance, that she was going 25 or 30 mph, the children ran out from behind another car traveling in the same direction but in the lane next to the curb, and that she had applied the emergency brakes but could not avoid striking the children. The street was wet, and there was a misty rain; but her windshield was clear as the wipers and the defroster were operating. The driver denied having made the statements that the accident was her fault.

Instruction No. 1 authorized a finding for the plaintiffs if the jury believed the driver of the car had failed to observe any of the duties therein described. Instruction No. 2 was on contributory negligence of the eight year old child, Douglas Baldwin. It did not refer to the younger boy. The instruction advised the jury that it was the plaintiff's duty at the time and place of the accident to exercise ordinary care generally for his own safety and that he had additional duties as follows:

"1. It is more dangerous to cross a street between intersections than at the intersection, and the infant plaintiff so crossing the street should exercise such increased care in proportion to the increased danger, as a person of his age and experience and of ordinary care and prudence would exercise under like or similar circumstances.

"2. When crossing the street at a point other than the regularly designated crosswalk, it was his duty to keep a lookout for approaching cars, and if he saw, or by the exercise of ordinary care could have seen, defendant's car approaching, not to attempt to pass in front of it if it was so near to him that the driver could not, by the exercise of ordinary care, avoid striking him.

"3. When crossing the highway at a point other than within a marked cross-walk, to yield the right of way to all vehicles upon the highway, including the vehicle of the defendants, if you believe that defendant's approaching vehicle at that time constituted an immediate hazard to this plaintiff's safety if he continued crossing the street."

Another instruction defined ordinary care. As it related to the child Douglas, it was defined as meaning "that degree of care usually exercised by persons of his age, experience, intelligence and discretion under circumstances like or similar to those described in the evidence." An instruction on sudden appearance of both children which could have exonerated the defendant was also given. The plaintiffs properly objected to the giving of the instruction.

■ We are of opinion that it was error to give the instruction on contributory negligence because of absence of evidence that might be regarded as overcoming the presumption of law as to the accountability of an eight year old child.

■ While the law of contributory negligence applicable to adults is applicable to children in general, it is subject to certain fundamental presumptions and qualifications. A young child is not required to conform to the standard of behavior which it is reasonable to expect of an adult. A child may be so young as to be manifestly incapable of exercising any of those qualities of attention, intelligence and judgment which are necessary to enable him to perceive a risk or to realize its unreasonable character. Restatement of the Law of Torts, § 283(e).

■ It is a basic and traditional concept that children of such tender years as not to have the capacity, mental and physical, of apprehending danger and exercising care for their own safety are presumed to be civilly irresponsible for their acts and are not chargeable with contributory negligence. This legal presumption is conclusive in its

application to a child under seven years of age.

■ This court, as do most others, recognizes that where children are seven and under fourteen years old the law imports a prima facie or rebuttable presumption that they have no capacity for contributory negligence.

■ ■ Although it be unnecessary in this case, we do not deem it inappropriate in considering contributory negligence of a minor to observe that whenever a child reaches the age of fourteen years, the legal presumption is that he is responsible for his acts of negligence. United States Natural Gas Co. v. Hicks, 134 Ky. 12, 119 S.W. 166, 23 L.R.A.,N.S., 249, 135 Am.St.Rep. 407. But the adult test of the reasonably prudent person cannot be applied in disregard of the actor's youth and inexperience. The degree of care by which an infant is to be measured is constantly advancing as the child increases in stature and wisdom or in mental development, discretion, knowledge and experience. It makes no sudden leap at any particular age. Notes, 107 A.L.R. 142, 144. Cf. Crouch v. Noland, 238 Ky. 575, 38 S.W.2d 471. The fact that a youth is fourteen years of age does not mean that his conduct is measured according to the standard of a mature person, although the prima facie presumption changes and the burden is then on the youth to show want of capacity or understanding. Louisville & N. R. Co. v. Hutton, 220 Ky. 277, 295 S.W. 175, 53 A.L.R. 1328; Lundy v. Brown's Adm'x, 305 Ky. 721, 205 S.W.2d 498; Note, 174 A.L.R. 1148.

■ Where the child is beyond six years old, the law takes into consideration not only age but also variations in capacity among children of the same age, having regard for the intelligence, discretion or sensitiveness to danger of the particular child

to exercise a certain degree of judgment, prudence and caution. The particular youth is held responsible for the exercise of such care for his own safety as that ordinarily exercised under the same or similar circumstances by prudent children of the same age, intelligence and capacity to appreciate the danger, if any, and what cautionary measures should be taken for his own safety. Richie v. Chears, Ky., 288 S.W.2d 660. That is the standard definition of ordinary care by a child.[1]

But where the child is presumably or prima facie free from accountability or responsibility for his negligence, does not an instruction on contributory negligence standing alone—without the prefatory condition—ignore the presumption? Does it not, in fact, import the converse presumption? Does it not put the burden upon the injured child or his representative to prove his incapability of being negligent? We think such an instruction in the absence of evidence showing capacity erroneously recognizes a legal presumption that the child may be guilty of contributory negligence. Harper v. Kopp, 73 S.W. 1127, 24 Ky.Law Rep. 2342.

In reviewing our many cases, we find a cloud of confusion. Several held it to have been proper to give a contributory negligence instruction where the youth was between seven and fourteen years old without referring to the question or effect of the presumption. And we have cases holding it proper to have given such an unconditional instruction where there was uncontradicted evidence that the injured child was unusually bright or had sufficient intelligence and discretion to understand that he was in danger of being struck while crossing a street. Trent v. Norfolk & W. R. Co., 167 Ky. 319, 180 S.W. 792, 793; Dixon v. Stringer, 277 Ky. 347, 126 S.W. 2d 448; Ward v. Music, Ky., 257 S.W.2d 516. However, we have said in several

1. This standard was criticized in Neas v. Bohlen, 174 Md. 696, 199 A. 852. The court held that the more accurate test would be one referring to every juror's experience with children, namely, the test of such care and prudence as children of that age might reasonably be expected to exercise. Note, 174 A.L.R. 1099.

cases that where there may be reasonable differences of opinion, the question of fact whether or not the child in the individual case was capable of contributory negligence should be submitted to the jury. Among these cases are Trent v. Norfolk & W. R. Co., 167 Ky. 319, 180 S.W. 792, 793; Corlew's Adm'r v. Young, 216 Ky. 237, 287 S.W. 706; Dixon v. Stringer, 277 Ky. 347,· 126 S.W.2d 448; Ward v. Music, Ky., 257 S.W.2d 516. This is the general rule. Blashfield, Cyclopedia of Automobile Law, §§ 1521, 1522; 54 Am.Jur., Automobiles, § 777; Annotations, 107 A.L.R. 131, 174 A.L.R. 1134. In United Fuel Gas Co. v. Friend's Adm'x, Ky., 270 S.W.2d 946, where a seven year old boy was killed by a truck while crossing the street with his eight year old brother, both an instruction on contributory negligence and on sudden appearance were given. That was held error. The opinion, after stating the rules of presumption, held that since the defendants had failed to introduce any evidence to rebut or overcome this presumption of his immaturity and want of understanding, he could not be guilty of contributory negligence, and giving an instruction thereon was error. See also Louisville & N. R. Co. v. Hutton, 220 Ky. 277, 295 S.W. 175; Sutton Construction Co. v. Lemaster's Adm'r, 223 Ky. 296, 3 S.W.2d 613.

In the present case there was only the fact that the elder of these two children, Douglas, aged eight, was in the third grade at school and there was no evidence indicating his capacity of being contributorily negligent. We think it was error to give the contributory negligence instruction in his case. In the absence of evidence to overcome the presumption, the sudden appearance instruction would have been proper, but to give both, without limitation, as was done in this case, was more than duplication.

■ Our discussion so far has related to common law duties. The third paragraph of the instruction given in the present case, quoted above, relating to the duty of the plaintiff child to yield the right of way to the defendant's approaching automobile, is based on a statutory duty of "every pedestrian" crossing a street between intersections to yield the right of way "to all vehicles upon the roadway." KRS 189.570(4) (a). The literally expressed absolute duty, however, has been modified by judicial construction to be only relative to the proximity of an approaching vehicle. Lehman v. Patterson, 298 Ky. 360, 182 S.W.2d 897; Whittaker v. Thornberry, 306 Ky. 830, 209 S.W.2d 498; Miracle v. Flannery's Adm'r, Ky., 259 S.W.2d 689.

■ Paragraph 3 of the given instruction is correct in form where the injured pedestrian is an adult. Louisville Taxicab & Transfer Co. v. Byrnes, 296 Ky. 560, 178 S.W.2d 4. The question is its application in the case of a child presumably incapable of contributory negligence.

The courts differ on the effect of a violation of a safety statute or ordinance by a child, even as they differ as to a violation by an adult. 2A Blashfield, Cyclopedia of Automobile Law, §§ 1522, 1528, 1529. But the majority of the courts take the view that violation of a statutory duty as contributory negligence of a child is to be treated the same as in common law jurisprudence, and that the rules as to presumptions of incapacity should be applied. 38 Am.Jur., (Supp.) Negligence, § 206.5; Annotation, 174 A.L.R. 1170. We may note that in Thomas v. Dahl, 293 Ky. 808, 170 S.W.2d 337, the rule as to contributory negligence of an adult was applied in the case of a 12 year old bicyclist without the question of a distinction between a child and adult having been raised or discussed. ·

It does .not appear that this court has heretofore given special notice to this character of statutory contributory negligence of a child. Since in this jurisdiction statutory duties are regarded as supplemental to common law duties with respect to the operation of an automobile (Consolidated Coach Corp. v. Sphar, 226 Ky. 30, 10 S.W.

2d 482), we conclude the same classification must be given statutory duties prescribed for pedestrians. We have at least two cases tacitly supporting this expressed conclusion. Louisville & N. R. Co. v. Steele, 179 Ky. 605, 201 S.W. 43, L.R.A., 1918D, 317, and Lehman v. Patterson, supra, 298 Ky. 360, 182 S.W.2d 897.

■ We, therefore, hold it was likewise error in the present case to give that part of the instruction relating to the statutory duty of the plaintiff eight year old child because of absence of evidence to overcome the presumption of no responsibility.

Since upon another trial of the case there may be evidence authorizing submission to the jury of the question of the capacity of the eight year old boy, Douglas Baldwin, of being guilty of contributory negligence, we deem it appropriate to take special note of Paragraph 1 of the instruction on contributory negligence. It is a positive statement, without qualification or contingency, that it is more dangerous to cross between intersections than at intersections, and it imposes increased care on a pedestrian. The given instruction, we suppose, was patterned after an instruction prepared by this court in Ross v. Louisville Taxicab & Transfer Company, 202 Ky. 828, 261 S.W. 590. But the approved form began with an "If," and thereby left it to the jury to determine whether under the circumstances there was greater risk in crossing at the place than would have been in crossing at an intersection.

■ A full consideration of such an instruction has led the court to the conclusion that it should not be given except perhaps under unusual conditions.

In 1924, when the instruction was formulated, the statute relating to the operation of automobiles was quite limited. The statute (§ 2739g, Ky.Stats.) did not prescribe any duty of pedestrians in relation to vehicular traffic. Since then, definite regulatory statutes have been progressively en-

acted. Of particular application is the statute which defines the respective duties and rights of operators of motor vehicles and of pedestrians. KRS 189.570. In this case the general common law duty of ordinary care of the pedestrian was first stated in the contributory negligence instruction. The specific duties were stated to be additional. Paragraphs 2 and 3 defined the statutory duties.

■ Now, it is familiar law that the degree of diligence which one must observe in the performance of his common law duty for his own safety, as well as his duty to prevent injury to others, is ordinary care or reasonable care. Such broad and pervasive terms are essentially relative to a particular act or situation and are to be measured by the exigencies of the occasion. Ordinary care is variable. It is graduated according to the proportion of danger and of injury. Weil v. Kreutzer, 134 Ky. 563, 121 S.W. 471, 24 L.R.A.,N.S., 557. It may be a high degree of caution and vigilance under some circumstances and a slight degree under other circumstances. McWilliams v. Kentucky Heating Co., 166 Ky. 26, 179 S.W. 24, L.R.A.1916A, 1224; Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S.W.2d 564. In the latter opinion we noted that ordinary care which a pedestrian must exercise for his own safety unquestionably includes the duty to observe the traffic conditions and take proper precautions to avoid placing himself in peril, and stated it is a matter for the jury to determine what that degree of care requires him to do before attempting to cross a street without it being pointed out specifically in the instructions. We have held it sufficient to define the duty of a person killed or injured by so dangerous an object as an electrically charged wire to be to exercise ordinary care as it is traditionally defined, regarding such definition as being the degree of care to be exercised commensurate with the known danger of electricity. Lexington Utilities Co. v. Parker's Adm'x, 166 Ky. 81, 178 S.W. 1173. The possible increased danger of a pedestrian crossing be-

tween intersections may be likened to the danger of coming in contact with electric current, though it may be different in degree. The point is that the commensurate precaution is within the dimensions of "ordinary care."

The instruction identified as Paragraph 1 (even with the approved qualification of "If") offends the rule that instructions to the jury should avoid as far as possible singling out and unduly emphasizing any one or more circumstance or items of evidence and the giving of undue prominence or emphasis to them. Compton v. Smith, 286 Ky. 179, 150 S.W. 2d 657; City of Louisville v. Cope, 296 Ky. 207, 176 S.W.2d 390. We may note two analogous precedents. A "stop, look, and listen" instruction in railroad crossing accident cases has long been condemned as pointing out and giving undue prominence to a particular fact as constituting contributory negligence. Kentucky & Indiana Terminal R. Co. v. Cantrell, 298 Ky. 743, 184 S.W.2d 111, 115. In an action by a railroad brakeman for personal injuries, we held that to have given an instruction that the jury should consider the hazardous nature of the plaintiff's work would have been error as singling out this particular fact in the evidence. Louisville & N. R. Co. v. Irby, 141 Ky. 145, 132 S.W. 393.

Again, we note that the special duties of a pedestrian are now defined by the statute. It is proper to instruct specifically on duties imposed by a statute. Fahrenholtz v. Loomis, 280 Ky. 9, 132 S.W.2d 307; Fayette County v. Veach, Ky., 294 S.W.2d 541.

We conclude, therefore, that in the future, the specific instruction as laid down in Ross v. Louisville Taxicab & Transfer Co., 202 Ky. 828, 261 S.W. 590, and approved in several later cases, should not ordinarily be given.

The defendants pleaded contributory negligence of both children and its imputation to their parents in defense of their part of the action. They also pleaded the parents were themselves contributorily negligent, and the court instructed upon such negligence in permitting or not preventing the children from going upon the street.

While the error in giving the instruction on contributory negligence was confined to the eight year old child, it appears he was leading his younger brother; so we believe the error rendered the instruction misleading in the whole case and that the judgment in its entirety should be reversed.

Judgment reversed.

MONTGOMERY, C. J., dissenting.