## Collins' Adm'r v. Chesapeake & O. Ry. Co. et al.

Feb. 3, 1939.

660

ROY WILHOIT and CHARLES H. REIDINGER for appellant.
LeWRIGHT BROWNING for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

In December, 1935, appellant's intestate, Dennis Collins, was struck and instantly killed by one of appellee's passenger trains going west through the town of Garrison. The railroad has two tracks running east and west through the town and the accident occurred on the northmost or what is known as the west-bound track. The town has a population of between three and five

hundred with most of the business houses and some residences on the north side of the railroad tracks and there is a highway or street crossing the railroad to the south at the east end of the depot where the accident occurred.

There were only two eye-witnesses to the accident—Orville McClaskey, a companion of decedent at the time of the accident, and L. B. Caldwell, the fireman on the train. According to the evidence of McClaskey, he and the decedent had been in a poolroom on the north side of the railroad tracks and upon leaving that place they started to McClaskey's home on the south side of the tracks and crossed the west-bound or northmost track and when they arrived at the east-bound track it was blocked with a standing freight car; McClaskey started climbing upon or through the car, leaving decedent standing close up by the side of it between the two railroad tracks. He said that decedent told him that he would go back and wait for him and turned and started back across the west-bound track and was struck by the train; and that neither he nor decedent knew the train was approaching. But the witness states no facts in support of his statement that decedent did not know the train was approaching. He, witness, was crossing over or through the standing car on the track at the time of the approach of the train and perhaps not in position to see it, but decedent was standing between the tracks in plain view of the train. In the absence of any facts tending to support the witness' statement that decedent did not see the train, it appears that he was only expressing his opinion or a conclusion. There is a conflict in the evidence as to whether the train crew gave warning of its approach by blowing the whistle or ringing the bell. McClaskey and other witnesses testified that no warning was given, but on the other hand those in charge of the train and a number of other witnesses testified that the whistle was blowing and the bell ringing constantly for several hundred feet before it approached the crossing. It is shown that the tracks are perfectly straight for a distance of 3,100 feet east of the crossing where the accident occurred, and there was nothing to obstruct the view of decedent.

Herbert Belton, engineer on the train, testified that when the engine was six to eight car lengths east of the crossing he saw decedent standing between the tracks

close up to the local freight car and he supposed that he was a member of the local freight crew; that when his engine got within five or six car lengths of the crossing the boiler of the engine obstructed his view of the decedent and he knew nothing of the accident until the fireman called to him, at which time the engine was within a car length of the crossing.

Caldwell, the fireman, testified that he saw decedent standing between the tracks when the engine was five to six car lengths east of the crossing but he was clear of the approaching train and in a place of safety at that time; that when the train got within a car length of the crossing decedent "whirled around and looked directly at the engine and started to run across."

It is shown by the evidence that the train was running from 60 to 65 miles per hour, possibly a little in excess of the usual schedule. But it is also shown that when decedent stepped from a place of safety between the tracks and onto the track in front of the train, it was so near him that nothing could have been done by those in charge of the train to avoid the accident, even if the train had been running at a much less speed.

Upon a trial of the case the jury found a verdict for the defendant and from a judgment on that verdict dismissing appellant's petition this appeal is prosecuted. In the motion and grounds for a new trial several alleged errors are asserted but in brief of appellant all grounds are abandoned except the alleged errors in the instructions given and the refusal of the court to give certain instructions offered by appellant.

Complaint is made of Instruction No. 1 given by the court in respect of the character of warning of the approach of the train. The instructions told the jury that it was the duty of those in charge of the train to keep a lookout for persons traveling upon or across said railroad tracks and "to give reasonable and timely signals of the approach of the train." The argument is that the court should have instructed under Section 786 of the Kentucky Statutes, which requires the bell on the engine to be rung and the whistle sounded at a distance of at least fifty rods from the place where the road crosses, and such bell shall be rung or whistle sounded continually or alternately until the engine has reached the highway crossing. It is admitted in brief of appel-

lant that the statute, supra, applies to railroad crossings outside of incorporated towns and cities. Louisville & Nashville Railway Company v. Thompson's Adm'r, 217 Ky. 21, 288 S. W. 761. It appears that counsel assumes that Garrison is an unincorporated community and therefore the crossing at which the accident occurred was one to which section 786 of the statutes was applicable. But there is neither pleading nor proof tending to show whether Garrison is incorporated or unincorporated. The allegation of the petition is that the accident occurred in the "village of Garrison," and there is no evidence as to whether it is an incorporated or unincorporated village. The plaintiff having the burden to establish his cause of action, it was incumbent upon him to show that the crossing where the accident occurred is one of the class covered by the statute, supra, before he would be entitled to the benefit of an instruction required by that statute.

It may be conceded that the instruction given is erroneous in that it failed to tell the jury that it was the duty of defendants to give reasonable warning of the approach of its train to the crossing "by ringing the bell or sounding the whistle," thereby leaving to the jury to speculate or draw its own conclusion as to what constituted proper warning of the approach of the train. Louisville & Nashville Railroad Company v. Johnson, 214 Ky. 189, 282 S. W. 1087.

However, appellant cannot now complain of the error, because Instruction "A" offered by counsel for appellant contained the same vice. The language of the offered instruction is "* * * to give reasonable and timely signals and warnings of the movements of the trains when approaching said place, * * *," but, like the instruction given, it omitted the language "by ringing the bell or sounding the whistle." It is the well-known rule that a party cannot complain of an instruction containing the same vice as one offered by him, for by offering his instruction he thereby invites the error and he may not complain in this court of an error so invited. Bullock v. Young, 252 Ky. 640, 67 S. W. (2d) 941; Codell Construction Company v. Steele, 247 Ky. 173, 56 S. W. (2d) 955; Moise v. Burton, 197 Ky. 538, 247 S. W. 744.

The further complaint is that by the instructions given the court only required defendant to exercise ordinary care to perform the duties enumerated in the in-

struction, whereas a more strict obligation should have been imposed upon it. We can see no merit in this contention since railroad companies and their employees are only required to exercise ordinary care for the protection of highway travelers. There may be exceptions to the rule under particular circumstances but the facts of this case do not bring it within any exceptions—hence ordinary care only is applicable. It is also insisted that the court should have instructed the jury as to the duty of the train employees to exercise ordinary care to prevent injury to persons using the crossing, such as was given in Chesapeake & Ohio Railway Company v. McCoy's Adm'x, 228 Ky. 752, 16 S. W. (2d) 170. A sufficient answer to this is that appellant failed to request or offer any such instruction. Instruction "A" offered by appellant was limited to the specific duties substantially as set out in Instruction No. 1 as given, and, therefore, appellant cannot complain that other or additional instructions were not given, since it is the rule that the court is not obliged to instruct the jury upon the whole law of the case unless requested to do so. Louisville, H. & St. L. Railway Company v. Roberts, 144 Ky. 820, 139 S. W. 1073.

Instruction No. 2 was the usual contributory negligence instruction of which no complaint is made.

By Instruction No. 3 the court told the jury in substance that if they shall believe from the evidence that the decedent, when he attempted to cross the tracks of the railway company, knew of the approach of the train and was injured in attempting to cross ahead of it, then the law is for the defendant, and the jury will so find, even though they may also believe from the evidence that defendant was negligent as set out in Instruction No. 1. It appears to us that this instruction was unnecessary, since it was covered by Instruction No. 2 on contributory negligence. However, the only objection offered to this instruction by appellant is that there is no evidence tending to show that decedent had knowledge of the approach of the train when he undertook to cross the track. But this position is not tenable, since Caldwell, the fireman, testified positively that decedent turned and looked at the engine approaching him and then started running across the track. This evidence is uncontradicted except, as we have already stated, the opinion or conclusion of McClaskey who stated that de-

cedent did not know the train was approaching. It is to be noted that the instruction does not assume that decedent did see the approaching train, but submitted the issue to the jury, by the language—"if decedent knew of the approach of the train when he attempted to cross the track." We do not think this instruction could have been prejudicial.

It is next insisted that the court should have given Instruction "B" offered by appellant to the effect that it was the duty of defendant company (appellee) not to impede or obstruct the reasonably safe and convenient use of the highway at the crossing in question for more than five minutes at any one time, and if they believe that the defendant failed in that duty at the crossing in question, then the fact that deceased attempted to use said crossing at the time, place and in the manner that he did, does not raise the presumption that deceased was not using ordinary care for his own safety. The instruction given neither told the jury nor assumed that decedent was not using ordinary care for his own safety in attempting to cross the railroad tracks because of the presence of the box car or obstruction on the east-bound track, but to the contrary it assumed that decedent had the right to use the crossing. We cannot see wherein the jury could have attributed negligence to deceased because he went upon the crossing while it was occupied by the standing freight car. Nor was the presence of the freight car on the east-bound track the proximate cause of the accident.

In Dunn v. Central State Hospital, 197 Ky. 807, 248 S. W. 216, it is said [page 218]:

" 'A prior and remote cause,' says 29 Cyc. p. 497, 'cannot be made the basis of an action if such remote cause did nothing more than furnish the condition or give rise to the occasion by which the injury was made possible if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, and efficient cause of the injury. If no danger existed in the condition except because of the independent cause such condition was not the proximate cause.' "

Perceiving no error prejudicial to the substantial rights of appellant, the judgment is affirmed.