## Lehman et al. v. Patterson.

June 2, 1944.

As Modified On Denial of Rehearing Oct. 13, 1944.

Edward J. Hogan for appellants.

James T. Robertson for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

The appellee, Leslie Patterson, a boy six years of age, as plaintiff below suing by his next friend, recovered

judgment against appellants, Elsa K. Lehman and her husband Lorenz, in the sum of $9500 for personal injuries sustained when run over by the latter's automobile. A reversal of the judgment is asked on two grounds: 1. Appellants were entitled to a directed verdict; 2. if not, then the instructions were erroneous and prejudicial.

About 8:45 o'clock on the morning of Dec. 18, 1942, while driving her husband's car eastwardly on Fernwood Avenue in Louisville at a speed of 15 or 20 miles per hour, Mrs. Lehman ran over Leslie while he was crossing the avenue on his way to school. There is a stipulation in the record to the effect that she was driving her husband's car and that the family purpose doctrine is applicable. The child's injuries are both severe and permanent and no question is raised as to the damages being excessive. Leslie did not testify, which we presume was because of his extreme youth, and the only witnesses as to how the accident occurred were Mrs. Lehman, who was alone in the car; Matthew L. Manion, who was standing on the sidewalk; and two policemen, Robert Minter and Kenneth Doninger, who were called to the scene and who interviewed Mrs. Lehman after the child was taken to the hospital.

Fernwood Avenue is but 20 feet wide, and while there is a sidewalk on both the north and south sides of it where Bonnycastle Street enters Fernwood, there are no sidewalks on Fernwood west of Bonnycastle. On the south sidewalk near the curb-line and 13 feet east of Bonnycastle, and just opposite an alley on the north side, there is a telephone pole. There appears to have been no traffic on the street and nothing to have obstructed Mrs. Lehman's view of the child unless it was this pole, as she claims.

Mrs. Lehman had entered Fernwood a block west of Bonnycastle and testified that while driving eastwardly about 3 feet from the south curbing, at a speed of from 15 to 20 miles per hour, looking straight ahead and just as she reached the pole, the child stepped out from behind it into the path of her car. She had not seen the boy before he stepped from behind the pole. The child took a step off of the curbing, another into the street and was then from three to five feet in front of her car. She blew her horn, swerved the car to the left as quickly as she could and tried to put on her brakes but she

struck Leslie about three feet from the south curb. She testified that her car went from 15 to 18 feet after striking him and stopped on the north side of the street about three feet from the curb.

Manion, a witness for plaintiff, testified he was employed by the Louisville Gas & Electric Company and was watching a man on a pole in the alley on the north side of Fernwood; that he heard the impact, looked and saw the front wheels of the car going over the boy a little to the left of the center of the street and about 25 or 30 feet from the east curb of Bonnycastle. He picked the child up some three and one-half or four feet from the north curb on Fernwood and some 20 or 25 feet east of the alley. There was blood on the street at the point where he picked up Leslie.

The two police officers testified that Mrs. Lehman told them after the accident that she saw the boy step off the curbing from 30 to 40 feet in front of her car; that she blew her horn thinking he would stop but he kept coming and she was right on him, and she swerved to avoid striking him. The officers further testified (after qualifying) that appellant's car traveling at a speed of 15 miles per hour could be stopped in 12 3/8 feet and at 20 miles per hour it could be stopped in 22 feet.

It is insisted that as Mrs. Lehman's statements to the officers were not part of the res gestae, they could not be regarded as substantive evidence against her husband and appellants cite such cases as Borderland Coal Co. v. Kerns, 165 Ky. 487, 177 S. W. 266, and Bell v. Louisville & N. R. Co., 216 Ky. 42, 287 S. W. 219. As Mrs. Lehman is a party defendant, her admissions to the officers are competent against her, Sutton v. Russell's Ex'r, 236 Ky. 535, 33 S. W. 2d 629, and as no objection on behalf of her husband was made to its introduction, its incompetency as to him was waived. Preston v. Preston's Adm'x, 245 Ky. 552, 53 S. W. 2d 957.

Upon testifying that she did not see the child until he stepped into the street, Mrs. Lehman was asked if she was looking on the sidewalk and she replied, "I was looking straight ahead where I think you should look. * * * I was paying attention to traffic. I was looking straight ahead." In Dixon v. Stringer, 277 Ky. 347, 126 S. W. 2d 448, 451, it was written that a driver of a

car who merely looks down a street in utter disregard of pedestrians on the street, or crossing it, will not be exonerated from liability by the "sudden appearance" of a pedestrian, as any appearance is sudden to such a motorist.

According to Doninger, Mrs. Lehman said she saw this child from 30 to 35 feet ahead of her car walking along the curb-line. The propensity of young children to suddenly dart or run into the street or road from the curbing must be anticipated by motorists when such a child is seen, or by the exercise of ordinary care could have been seen, on the curbing or the edge of the sidewalk. Roselle v. Bingham, 242 Ky. 496, 46 S. W. 2d 784, 786.

Defendants were not entitled to a directed verdict, but the court should have imposed upon Mrs. Lehman the duty mentioned in the preceding paragraph, and should have submitted to the jury whether she negligently violated it. However, the court's failure to do so loses significance since the verdict was for the plaintiff and judgment entered thereon is affirmed by this court.

Defendants vigorously insist that it was erroneous for the court to instruct that Mrs. Lehman owed plaintiff the duty of driving her car on the right side of the street without further instructing that if the child suddenly appeared in the street in the path of her car and she was confronted with an emergency, then she was justified in driving to the left side of the street in an attempt to avoid striking him. Ordinarily, drivers owe pedestrians the duty to drive on their right side of the street, as a pedestrian who is about to cross a street expects traffic approaching from his left to be on the driver's right side of the street and that approaching from the pedestrian's right to be on the opposite side of the street.

The particular part of the instruction saying it was Mrs. Lehman's duty to drive on her right side of the street was for the benefit of the plaintiff and was correct as far as it went. Had defendants desired that the court instruct on the right of Mrs. Lehman to drive on the left side of the street in an effort to avoid striking the child, it was their duty to have offered it in writing; and having failed to do so, they cannot now complain.

Collins' Adm'r v. C. & O. Ry. Co., 276 Ky. 659, 124 S. W. 2d 1039; Ramsey v. Sharpley, 294 Ky. 286, 171 S .W. 2d 427. However, paragraph "F" in the second instruction, about to be discussed, says it was the duty of Mrs. Lehman to alter the course of her car in order to avert the accident. The familiar rule is that instructions will be construed as a whole, therefore the jury were instructed that Mrs. Lehman was justified in driving on the left of the street in an attempt to avoid striking the child.

Criticism is directed by defendants to paragraph "F" of the second instruction which reads: "And if the plaintiff, Leslie Patterson, Jr., had entered upon the crossing and was walking towards the path of said automobile at such a rate of speed that the defendant Elsa K. Lehman could not reasonably and prudently proceed without colliding with the plaintiff, or exposing plaintiff to danger, then it was the duty of the defendant Elsa Lehman, operating the automobile of the defendant Lorenz Lehman to yield the right of way by altering her course, reducing her speed, or stopping her car to permit plaintiff to pass ahead of her in safety."

They insist that the accident did not happen at a cross-walk, therefore KRS 189.570 has no application. Considerable proof was taken in behalf of plaintiff to the effect that the child was run down while traveling over an unmarked cross-walk covered by subsection 4 of KRS 189.570, hence the instruction was not objectionable.

The court correctly refused to give the second instruction offered by defendants reading: "The Court instructs the jury that if you believe from the evidence plaintiff was attempting to cross Fernwood Avenue at a place not designated for pedestrians to cross, but was crossing between intersections, then the automobile operated by the defendant, Elsa K. Lehman had the right of way, and it was the duty of the plaintiff to yield said right of way to said defendant's vehicle." The reason is that Leslie was under seven years of age and could not have been guilty of contributory negligence which such an instruction would have permitted the jury to fasten on him. Tupman's Adm'r v. Schmidt, 200 Ky. 88, 254 S. W. 199; Dixon v. Stringer, 277 Ky. 347, 126 S. W. 2d 448. Immediately following paragraph "F" in the second instruction, above quoted, the court

instructed the jury that if the child "suddenly or unexpectedly entered upon the street in front of said automobile, and by reason of which and as the sole cause thereof * * * the said plaintiff received the injuries of which he complains, then the law is for the defendants * * *." The court in giving this "sudden appearance" instruction left no doubt as to the correctness of his ruling in refusing to give defendants' second instruction. Moreover, the question, which of the parties had the right of way in this instance, was of but little, if any, importance. In reference to whether the pedestrian or the motorist had the "right of way," it was said in Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S. W. 2d 564, 567, the term "is relative and not absolute or inflexible. It only has the effect of turning the scales where the rights of the parties are balanced." In the case at bar the real issue before the jury was whether Mrs. Lehman was keeping the proper look-out and had her car under reasonable control, or whether Leslie suddenly dashed from the curbing of the sidewalk into the path of her car, and was not which of the parties had the right of way.

It is argued that plaintiff was entitled to a peremptory instruction and that only the question of the amount of damages should have been left to the jury; also, that the jury should have been instructed that the accident happened within a school zone and Mrs. Lehman was under the duty of not driving faster than 10 miles per hour. As the judgment is affirmed, it is not necessary to discuss these questions.

Perceiving no error prejudicial to defendants' substantial rights, the judgment is affirmed.