## Bright v. McAllister et al.

May 31, 1949.

James H. Polsgrove for appellant.

Robert L. Page for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

Appellant, Crosby Dean Bright, who was four years of age at the time of the accident, filed this action by his next friend to recover for injuries sustained when struck on Manslick Road in Jefferson County by an automobile owned by both appellees and driven by Mrs. Harvey McAllister who hereinafter will be referred to as appellee. The accident occurred on Sunday April 27, 1947, at about 11:00 A. M. Appellant, in company with two sisters and a brother, all of whom are infants, had been to Sunday School. Mrs. Amelia Mohr drove them from Sunday School in a southerly direction to the west berm of the Manslick Road, across the road from, and opposite, their residence. There was no house on the west side of the road, but there were several on the east side thereof situated rather close to each other. Mrs. Mohr parked her car partially on the paved portion of the road and partially on the berm. The children alighted from the car, and appellant ran from behind it a distance of approximately sixteen feet before being struck by appellee's car which was traveling in a northerly direction. The paved portion of the road at the scene of the accident was twenty-five feet in width, and appellant was within an approximate distance of six feet of the eastern berm of the road when he collided with appellee's car almost midway between the headlights.

At the conclusion of all of the evidence, the Trial Court sustained appellee's motion for a peremptory instruction and directed the jury to return a verdict in her favor. Thus the sole question presented for our determination is whether the evidence was sufficient to submit the case to the jury on the question of appellee's negligence, either in respect to driving at an unreasonable speed or in failing to comply with her duty to maintain a lookout.

The evidence does not indicate that appellee was

operating her automobile at an excessive rate of speed unless she observed appellant's hazard before the happening of the accident, and it is not contended that she did; therefore we are of the opinion that the Court properly refused to submit the case to the jury on the theory that the speed at which appellee was operating her automobile at the time of the accident was the cause thereof. But we think the Court to have been in error in refusing to submit the case to the jury on the contention of appellant that appellee was negligent in her duty to maintain a lookout to avoid collision with other persons using the highway. Our point can be demonstrated by referring to the testimony of but one witness, appellee herself. Therefore, for the sake of brevity we will not relate the testimony of other witnesses which counsel for appellant argues lends support to his theory of the case.

Appellee testified that when two or three city blocks away she saw the car of Mrs. Mohr parked in the position shown by a photograph introduced in the evidence. The photograph shows at least half of the car to have been parked on the westerly berm of the road. She fixed the scene of the accident at a place marked X on the face of a photograph. The place thus identified is within a distance of six feet of the easterly berm of the road. The paved portion of the road is twenty-five feet in width at the place of the accident. She stated that she was driving between twenty-five and thirty miles per hour; she did not see appellant until he was about one foot beyond (to the east of) her first (left) headlight and all that she could see at that time was the top of his head. She immediately applied her brakes and simultaneously struck the child. She swerved her car to the left in a vain attempt to avoid the accident but her car struck the child before it swerved. She did not see the children get out of the Mohr car, did not see any door of the Mohr car open, or observe or hear any commotion about the car at all. She did not hear Mrs. Mohr blow her horn as a signal to her that she was approaching danger; that she did not blow her own horn or give any warning of her approach to the scene of the accident, because, ''I didn't see any reason why I should give a warning.'' From the time she came over a hill to the south of the scene of the accident, which she admitted was two or

three blocks away, there was nothing on the highway to obstruct her vision ahead, and this line of vision encompassed the automobile of Mrs. Mohr. There was no car in front of her nor did any pass between her and Mrs. Mohr's car at any time previous to the accident. Finally she stated that she brought her car to a full stop at a point twenty-five feet beyond the place the child was struck.

Let us analyze this testimony. The fastest sprinters of the human race attain a maximum speed of approximately twenty-one miles per hour. It is inconceivable that a child four years of age could achieve more than one-fourth of this speed. Appellant ran a distance of at least sixteen feet in plain sight from behind Mrs. Mohr's car directly into the path of appellee. Assuming that he was running five miles per hour and appellee was driving twenty-five miles per hour, she would have traveled eighty feet while he was running sixteen feet; or, if she was driving at thirty miles per hour, she would have traveled ninety-six feet in that period of time. She testified that she stopped within twenty-five feet of the place she first discovered appellant's peril. We must assume from that had she discovered his peril previously she could have stopped within a distance of twenty-five feet at any time after discovering appellant's peril. It requires no use of the imagination to conclude that had she been looking ahead at the time she first saw Mrs. Mohr's car, which it was her duty to do, she would have seen this little child running directly into her path. The facts disclosed by this record would lend more weight to an argument that appellant, instead of appellee, was entitled to a directed verdict, but which question we do not decide.

The judgment is reversed with directions that it be set aside and that appellant be granted a new trial, to be conducted in a manner not inconsistent with this opinion.

Judgment reversed.