## V. T. C. Lines v. Blanton.

December 1, 1950.

J. S. Forester, Judge.

Stoll, Keenon & Park, J. K. Beasley for appellant.

J. B. Carter and Astor Hogg for appellee.

CLAY, COMMISSIONER—Affirming.

Appellee, an 8 year old boy, recovered a judgment for $2,500 for personal injuries against appellant bus company. The only issue raised on this appeal is

whether or not the latter was entitled to a directed verdict.

The essential facts are not in dispute. The bus was traveling about 25 or 30 miles an hour on a straight stretch of highway near Louellen, Kentucky. On the right a swinging foot bridge crossed a creek. The end of the bridge was 8 or 10 feet from the hard surface of the road. On the afternoon of the accident one or two cars were parked off the highway, at or near the bridge approach. Beyond the bridge, at a distance estimated from 50 to 150 feet, the highway makes a blind, sharp turn to the left, which is obstructed by a store building.

The injured boy came across the swinging bridge, passed in front of a parked car, and stepped into the right front end of the bus. The driver at no time saw him until a fleeting second before the impact. One passenger behind the bus driver, whose seat ran lengthwise of the bus and who would ordinarily be looking out the right side, did see the boy on the bridge. Other passengers had not observed him.

Apparently the swinging bridge is used by a substantial number of pedestrians, although the evidence indicates they customarily turn right at the end of the bridge, and do not cross the road until they reach the curve.

Under this state of facts, the question is whether or not the jury could properly find the bus driver was negligent. Appellee argues that he was negligent in two respects, i. e., (1) he was not keeping a reasonable lookout, and (2) he failed to give warning of his approach. On the other hand, appellant argues that the condition of the highway at this point required the driver to devote his entire attention to the sharp curve ahead, and it was not his duty to observe persons on the bridge or to anticipate that they would walk blindly from behind a parked car into the bus.

Appellant relies principally on the case of Louisville Taxicab & Transfer Co. v. Warren, 305 Ky. 861, 205 S.W.2d 695. In that case a 7½ year old boy darted from behind an automobile and ran into the side of a taxicab which was proceeding at about 10 miles an hour through an intersection where the traffic was heavy. We held that no negligence of the taxicab driver was

shown because he could not have averted the accident even had he seen the child in a position of danger. We think the physical conditions and the very slow speed of the vehicle in that case are not comparable with the situation we have in the present case.

More closely analogous is Gretton v. Duncan, 238 Ky. 554, 38 S.W.2d 448. There the defendant's automobile struck a young girl as she attempted to cross from the left hand side of the road to the right. The scene of the accident was in a built up country community where a large number of pedestrians used the highway. There was evidence the girl, before reaching the highway, came across a foot log in clear view of the defendant. Under the circumstances, we held it was a question for the jury as to whether or not the defendant was keeping a proper lookout in failing to see the child in time to avoid the accident.

A similar case is that of Kentucky Virginia Stages, Inc., v. Tackett's Adm'r, 294 Ky. 189, 171 S.W.2d 4. The physical situation in that case is very much like the one we have here. An 11 year old girl crossed the highway after passing between two parked cars. There was evidence she could have been seen by the defendant bus driver as she left a store on the side of the road and started to cross. We said that it reasonably could be inferred that the bus driver had failed in his duty to keep a lookout.

In the present case the bus was traveling in an area where the driver could anticipate the use of the highway by pedestrians. He had a clear and unobstructed view of the swinging bridge. The presence of the car or cars, parked near the approach to the bridge would ordinarily invite more caution. Even though the driver's attention was principally concentrated on the highway ahead, the entire physical situation called for alertness.

We do not determine the bus driver should have seen appellee on the swinging bridge, or anticipated his movements. We do decide, however, that a jury would be reasonably justified in finding that the failure to do so, and the failure to take additional precautions under the circumstances, constituted negligence. Therefore, appellant was not entitled to a directed verdict.

It is unnecessary to pass upon the question of whether or not appellant's driver was required to give warning of his approach.

The judgment is affirmed.