## WARD et al. v. MUSIC.

Court of Appeals of Kentucky.
Jan. 16, 1953.

As Modified on Denial of Rehearing
May 1, 1953.

Wells & Wells, Paintsville, for appellants.

Jasper H. Preece, Inez, for appellee.

DUNCAN, Justice.

On the afternoon of June 6, 1949, Larry Music, eight years of age, was struck and killed by a truck owned by the appellants and operated by the appellant, James C. Ward. The appeal is from a judgment for $8,000 in favor of the estate of the decedent.

The accident occurred at a time when the truck was proceeding south on Main Street in the town of Inez and the deceased was crossing the street from the east side. The child's father was on the west side of the

street, and testified that he observed his son as he started to cross and that he called and told him to be careful. The father did not observe the truck or see it at the time it struck his son. Immediately after it passed, he saw the body lying on the street and observed the truck proceeding down the street beyond the body.

None of the witnesses actually saw the child at the time he was struck, but the record leaves no doubt that he was hit by some part of the truck. In other respects, the evidence is conflicting. There is testimony that the truck was being operated at an excessive speed and on the left of the center of the street. On the other hand, the driver testified that he was driving at a reasonable rate of speed, on the proper side of the highway, and that he did not see the child at any time and had no knowledge of the accident until he was stopped by an officer a mile or so beyond the point where the accident occurred.

Reversal is sought upon three grounds: (1) Failure of the court to peremptorily instruct the jury to find for appellants, either because there was no evidence that the negligence of the driver was the proximate cause of the injury, or because the child was guilty of contributory negligence as a matter of law; (2) Erroneous instructions and failure to give an instruction offered by appellants; and (3) Rejection of a deposition offered by appellants.

Since a reversal is required on other grounds, we refrain at this time from discussing or deciding the question of whether or not the evidence is sufficient to show that the negligence, if any, of the appellant driver was the proximate cause of the injury and death of the child. The question is close, and in view of the fact that the evidence may differ materially on a subsequent trial, we would prefer to consider the matter in the light of the testimony introduced on a retrial without being bound by the law of the case.

■ A child under seven years of age is not chargeable with contributory negligence in any event. Lehman v. Patterson, 298 Ky. 360, 182 S.W.2d 897. One between the ages of seven and fourteen years is presumptively not charged with such negligence. Sutton Const. Co. v. Lemaster's Adm'r, 223 Ky. 296, 3 S.W.2d 613. In some cases involving injuries to children between the ages of seven and fourteen years, it may be necessary to submit to the jury the question of whether or not the child is capable of being guilty of contributory negligence. Dixon v. Stringer, 277 Ky. 347, 126 S.W.2d 448, 452.

■ Assuming a child to be of sufficient age and mental capacity to be chargeable with contributory negligence, it is only required to exercise that degree of care which is ordinarily exercised by a child of its age, experience, and mental capacity. In this case, the court gave an instruction on contributory negligence without any qualification. The instruction assumes that this child was capable of being guilty of contributory negligence.

■ It is only in instances where it can be said that the minds of reasonable persons would not differ on the question that the acts of one charged with contributory negligence will be considered as constituting such negligence as a matter of law. The propensity of children running into or across streets is so generally recognized that it cannot be said that a child eight years of age is necessarily guilty of contributory negligence as a matter of law by running into the street in the path or side of a moving truck. A reasonable explanation might be offered for even an older person of more experience and mental capacity, for as said in Dixon v. Stringer, supra:

"* * * a pedestrian intending to cross the street comes out from between cars parked on the left side and steps into the path of the moving car; he naturally expects and looks out for cars approaching from his left, but just as naturally assumes that none will come from his right, as he knows that cars approaching from his right should be on the opposite side of the street."

We do not think the deceased was guilty of contributory negligence as a matter of law.

Appellant insists that the court should have given an offered instruction which in effect would have informed the jury that appellant had a right to drive on the left of the center of the street if the left side was clear of all traffic or obstruction for a distance of one hundred and fifty feet.

KRS 189.300(1) provides:

"The operator of any vehicle when upon a highway shall travel upon the right side of the highway whenever possible, and unless the left side of the highway is clear of all other traffic or obstructions and presents a clear vision for a distance of at least one hundred and fifty feet ahead."

The statute leaves much to be desired so far as clarity is concerned, and the opinions of this Court are not altogether in agreement as to its construction. These cases of Stark's Adm'x v. Herndon's Adm'r, 292 Ky. 469, 166 S.W.2d 828; H. M. Williams Motor Co. v. Howard, 251 Ky. 557, 65 S.W.2d 688; Lehman v. Patterson, 298 Ky. 360, 182 S.W.2d 897, indicate that it is negligence to drive on the left side of the highway. In the Starks case, it was said [292 Ky. 469, 166 S.W.2d 830]:

"* * * proof that the operator of an automobile was traveling on the wrong side of the highway creates a prima facie case of negligent driving, where it results in injury to other users of the highway when on their right side of the road."

In the Williams case [251 Ky. 557, 65 S.W.2d 689], the opinion stated:

"The statute is not perfectly clear, but it seems to require that a driver of an automobile should stay on the right-hand side of the road whenever possible and must stay on that side if there is any traffic or other obstruction within a distance of one hundred and fifty feet, or if he cannot see that the way is clear for at least that distance."

A possible opposite view is expressed in the cases of Gretton v. Duncan, 238 Ky. 554, 38 S.W.2d 448, and Schultz v. Smith's Adm'r, 314 Ky. 198, 234 S.W.2d 676, which furnish some authority for the position that driving on the left of the highway is not negligence if that side is unobstructed and presents a clear vision for at least one hundred and fifty feet.

Under the facts in this case, it is not necessary to resolve the apparent conflict which we have noted. The evidence here shows that cars were parked on each side of and extending into the street and, therefore, the driver did not have a clear and unobstructed vision of the left side for the required distance. It was clearly his duty to operate his truck on the right side of the highway, providing it was possible to do so. The offered instruction was properly refused.

We have concluded that Instruction No. 1 as given by the court went altogether too far in defining the duty of the driver to operate his truck on the right side of the road. The statute only requires that a vehicle shall be operated on the right side of a highway whenever possible. The evidence indicates that there was possibly less space for parking on the right than there was on the left side of the street. If on account of the parking arrangement it was impossible for the driver to drive completely on the right side of the center line, he was not required to do so. He was only required to drive on the right of the center of that portion of the street which was not devoted to parking. The instruction should, therefore, have included the words "whenever possible."

The court should also omit that portion of the instruction which authorized the driver to cross to the left of the center if he saw or by the exercise of ordinary care could have seen the deceased. It is true that the driver of a vehicle may cross the left of the center of a highway to avoid striking a pedestrian or other vehicle, but the facts in this case do not fit that rule. Driving to the left of the highway in the present case brought the vehicle in closer proximity to the deceased than if the driver had remained on his right.

The errors which we have indicated are, in our opinion, sufficient to require a reversal.

In view of the fact that another trial will be necessary, we shall consider the competency of the deposition offered by appellants. In an effort to prove that the child ran into the side of the truck, the appellants had an examination made of the truck to determine if there was any evidence of that fact. On the evening of the accident, some strands of what appeared to be human hair were discovered on a crosspiece just in front of the rear dual wheels. These strands together with a sample of hair taken from the head of the child were sent to the testing laboratories of Dr. William J. Lenz, in Louisville, Kentucky. Dr. Lenz, after making microscopic examination, reported that in his opinion the two samples were of common origin.

Dr. Lenz died before the trial date and the deposition of his executor was taken and offered in evidence. The deposition fully discloses the professional qualifications of Dr. Lenz, and there is filed with it the original memorandum in his handwriting which discloses the tests which were made and the conclusions reached.

In the case of Gus Dattilo Fruit Co. v. Louisville & N. R. Co., 238 Ky. 322, 37 S.W.2d 856, 857, it was said:

"It is an ancient rule of law that a minute, memorandum, or entry in writing made by a person since deceased at or very near to the time when the fact it records took place, in the ordinary course of his business, corroborated by other circumstances which render it probable that the fact occurred, is admissible in evidence. 3 Jones on Evidence, 2120. This general rule, originally very narrow, has been broadened with the growth of the law and made adaptable to changing conditions and modern mercantile and industrial life, although the fundamental principles are essentially the same."

The general rule is also stated in 20 Am. Jur., p. 888, § 1048, Evidence:

"Memoranda made by a person since deceased, in respect of matters in which he acted for one of the parties to the present litigation, are generally held to be admissible in evidence, where they were made in the regular course of the author's business. Thus, an entry in a book by an attorney since deceased, concerning a business transaction involving a client, where such book is a daily memorandum book made in the regular and customary course of business, and not a mere private diary, falls within the category of admissible records, since it constitutes a regular record which is helpful, although not usual or essential, to others following the same occupation."

In our opinion, the written memorandum of Dr. Lenz falls within this rule. The deposition was competent and should have been admitted.

For the reasons indicated, the judgment is reversed for proceedings consistent with this opinion.