**Earl KISER, Administrator of the Estate of Larry Tilden Kiser, Deceased, Appellant,**

**v.**

**Butler JUSTICE, Appellee.**

Court of Appeals of Kentucky.

June 3, 1960.

Claude P. Stephens, Joe Hobson, Prestonsburg, for appellant.

Sanders & Redwine, V. R. Bentley, Pikeville, for appellee.

PALMORE, Judge.

This appeal is from a judgment entered on a directed verdict for the defendant in a wrongful death action.

The decedent, Larry Tilden Kiser, a 6-year old boy, was struck and killed by an automobile driven by the appellee, Butler Justice, as he was running across U. S. Highway 460 in front of his home approximately two miles south of Pikeville, Ky. The little boy was in the company of his mother at the time of the accident, and the principal ground advanced in support of the directed verdict is that the mother was contributorily negligent. See Wheat's Adm'r v. Gray, 1949, 309 Ky. 593, 218 S.W. 2d 400, 7 A.L.R.2d 1336.

The decedent was one of the seven children of Mr. and Mrs. Earl Kiser, who lived on the east side of Highway 460 at a point some two miles south of Pikeville in a well settled area served by the city bus line. The paved portion of the highway at this point is 20 feet wide, and the view is unobstructed for several hundred feet in each direction, north and south. On Saturday morning, June 29, 1957, Mrs. Kiser had taken her three youngest children, including Larry, an 8-year old sister and a 3-year old baby, to the health office in Pikeville for whooping cough shots, and in returning home at about 11:30 a. m. the four of them had alighted from the southbound city bus across the road from their home just prior to the fatal occurrence. As they got off the bus Mrs. Kiser told the children to wait on her. When the bus pulled away and she was standing on the west side of the highway with her children, holding the baby by the hand, the driver of the first car in the line of traffic behind the bus waited and motioned her to go on across, whereupon she took one step into the highway. Simul-

taneously with this movement the little boy darted ahead and beyond her reach, crossing rapidly into the northbound lane of traffic, where he was struck by appellee's northbound automobile. After making her tentative approach onto the highway Mrs. Kiser apparently realized it was not safe to cross and stopped, though she did not see appellee's automobile until it was "right on" the little boy. She did not have time to lay hold of him after he ran ahead of her and could do no more than scream as she beheld the impending disaster. She testified that Larry was within two steps of being across to the east side of the highway when struck, that appellee was traveling about 60 miles per hour, and that the child could have got across if the car had slowed down a bit.

According to Mrs. Kiser, she and the children had waited on the side of the road a sufficient length of time for the bus to be 100 yards away when the accident occurred. The driver of the city bus looked in his rear-view mirror when a lady in the bus said, "Somebody got hit," and saw Mrs. Kiser on the side of the road after he had proceeded a distance of 50 to 100 yards ("I'll say it was in a radius of 150 feet"). He was not sure how far the bus had gone from the stop at the time the child was run over.

A state trooper who investigated the accident very shortly after its occurrence examined the brakes on appellee's car and found it was necessary to pump the brake pedal in order to build up sufficient pressure to prevent its going down and striking the floor. He testified that the brakes were not sufficient to stop the car as required by law. He measured the distance from the point of impact, as it was pointed out to him by appellee, to the point where the car stopped with its right front wheel against the body of the child and found it to be 99 feet, the last 40 feet of which were indicated by a skid mark left by one tire.

Appellee's testimony, corroborated by a passenger and other eyewitnesses, was that he was proceeding northward toward Pikeville at a speed between 35 and 40 miles per hour when the child suddenly ran in front of his car from behind the bus, which had proceeded no more than a length and a half from the point of stopping to discharge Mrs. Kiser and the children. He said that the child was about 10 feet away when he first saw him, and the import of his evidence was that he did not have time to apply his brakes before the moment of the impact. He denied that they were defective.

The appellee operated a place of business about 7 miles south of Pikeville and frequently traveled the road where the tragedy took place. He knew there were a number of houses along the highway (Mrs. Kiser called it a "congested area"), had seen the city bus stop at this and other places in the vicinity, and knew that people got on and off the bus and crossed the highway to their homes. He "supposed" that he had seen children get off the bus and cross the highway at different times. At the particular place where the bus stopped and discharged Mrs. Kiser and her children there was no house or place of business on the west side of the road opposite the Kiser home. Appellee said he hardly ever drove watching the sides of the road, as "that would be unsafe," and was "just looking ahead" watching the highway, as he had been in heavy traffic. He estimated he was within 75 or 100 feet when he first noticed the bus. The evidence is not clear as to whether the bus was stopped or was moving when he first saw it, but in view of the fact that there was no obstruction for several hundred feet up and down the highway there seems to be no doubt that he could have seen the bus make its stop and let the passengers out if he was alert to the overall conditions on the highway in front of him. Cf. Strode v. Campbell, 1949, 311 Ky. 525, 224 S.W.2d 673; United Fuel Gas Co. v. Friend's Adm'x, Ky.1954, 270 S.W.2d 946; Dixon v. Stringer, 1939, 277 Ky. 347, 126 S.W.2d 448; Lehman v. Patterson, 1944, 298 Ky. 360, 182 S.W.2d 897.

▪ We cannot say that the mother was negligent as a matter of law. Wood v. Dennison's Adm'r, Ky.1954, 273 S.W.2d 374, upon which the appellee places great reliance, conclusively supports the appellant's position to the effect that the matter of the contributory negligence of the parent should be submitted to the jury. In that case a father let his 5½-year old daughter out of his truck on U. S. Highway 62 near Leitchfield with instructions to go across the road and deliver newspapers to two subscribers and wait while he made deliveries farther up the road and returned for her. She went around behind the truck and in crossing the road was killed by an oncoming car proceeding from the opposite direction, as in the instant case. In that case it was held error not to submit the issue of the father's contributory negligence to the jury. The opinion affords no inference or suggestion, however, that the father was contributorily negligent as a matter of law, though the facts of the case were more strongly indicative thereof than are the facts of this case. In neither case, of course, could the child itself be charged with negligence. Lever Bros. Co. v. Stapleton, 1950, 313 Ky. 837, 233 S.W.2d 1002.

Taking the evidence most favorable to the plaintiff, with all reasonable inferences to be drawn from it, we are of the opinion also that there was sufficient evidence of negligence on the part of appellee to take the case to the jury. The record does not show whether the trial court determined the area in question to be a "residential district" within the meaning of KRS 189.-390 (cf. Bowling Green-Hopkinsville Bus Co. v. Adams, Ky.1953, 261 S.W.2d 14), but in any event, considering the conditions of the highway, the proximity of dwellings, the stopping of the city bus to discharge passengers, and the known custom of the ' residents of the neighborhood to cross the highway in getting on and off the bus, there was evidence from which the jury could have inferred that appellee should have sounded his horn and that he was traveling at an excessive rate of speed. Moreover,

since the child had nearly completed the crossing and was struck by the right front portion of the automobile, it might reasonably be found that appellee could have swerved his car enough to avoid contact with him, even though he may not have had time to apply his brakes. The case is far different from Louisville Taxicab & Transfer Co. v. Warren, 1947, 305 Ky. 861, 205 S.W.2d 695, in which the facts were such that the accident was held unavoidable as a matter of law. Monson v. Com., Ky.1956, 294 S.W.2d 78, a criminal case, simply is not applicable. We are of the opinion, therefore, that a jury question was presented on the issue of appellee's negligence as well as the issue of Mrs. Kiser's contributory negligence and that it was error for the trial court to direct a verdict.

Appellant argues further that he was entitled to a last clear chance instruction. The question is raised prematurely, as it must first be determined by the trial court on the retrial of the action.

The judgment is reversed with directions that a new trial be granted.