**Richard CLAYTON, etc., Appellant,**

v.

**Harold B. GRAY, Appellee.**

Court of Appeals of Kentucky.

May 5, 1961.

Rehearing Denied Sept. 29, 1961.

Duncan & Lehnig, William G. Lehnig, Louisville, for appellant.

Edward J. Hogan, Louisville, for appellee.

WADDILL, Commissioner.

This action seeks to recover damages for personal injuries sustained by a fourteen-year-old pedestrian, Richard Clayton, appellant, as the result of being struck by an automobile operated by Harold B. Gray, appellee. A jury found for appellant and awarded damages in the sum of $4,091.-60. However, the trial court sustained appellee's motion for a judgment n. o. v. and set aside the verdict on the ground that "no negligence on the part of defendant [appellee] was the proximate cause of this unfortunate accident." Since this is an appeal from a judgment n. o. v., our only question is whether there was evidence of any act or failure to act on the part of appellee constituting negligence proximately causing appellant's injury to support the verdict of the jury.

The accident occurred on the clear Sunday afternoon of March 10, 1957, at the intersection of Fourth Street and Broadway in downtown Louisville. Broadway runs east and west and is intersected by Fourth Street, which runs north and south. Traffic on the north side of the center of Broadway is from east to west and south of the center line is from west to east. Broadway has six lanes for traffic marked with white dividing lines, three on either side of the center line. There is also a lane adjoining the curb line on each side of Broadway which is ordinarily reserved for parking. Vehicular traffic is controlled by two signals suspended over the intersection. Crosswalks are provided at this intersection and the pedestrian traffic using the

crosswalks is regulated by "walk and wait" lights located at each corner of the intersection.

Appellee was driving west on Broadway in the lane nearest the center line. When he neared the Fourth Street intersection the vehicular traffic light changed to green for Broadway traffic and the eastbound traffic began to move. As appellee came alongside the automobile in the lane to his right, he caught a glimpse of appellant running in the crosswalk toward the path of appellee's car. Appellee at once applied his brakes and was able to bring his car to a stop with its rear end in the crosswalk. Nevertheless, appellant, who had remained within the boundaries of the crosswalk from the time that he had left the north curb of Broadway, was struck by the front bumper of appellee's car and suffered a diagonal fracture of the left femur.

Appellant contends that the verdict is sustainable because appellee was negligent in passing automobiles at the intersection which obstructed his view of appellant. In support of this argument appellant relies on several cases, such as V.T.C. Lines v. Blanton, 314 Ky. 188, 234 S.W.2d 672, in which it was held that a jury was justified in finding negligence when the driver's view was obstructed and the entire physical situation called for additional precaution in maintaining a proper lookout. However, the physical situation in the instant case is entirely different from that appearing in the cases relied upon by appellant. While the circumstances required alertness on the part of appellee, such requirement was clearly satisfied in the light of the fact that he was proceeding through the intersection in compliance with the traffic signals at a lawful and reasonable rate of speed and that, immediately upon seeing appellant approaching the path of his car, he applied his brakes and stopped within a short distance. There is no merit in appellant's contention that appellee was negligent in failing to sound his horn. Tinsley's Adm'r v. Slate, Ky., 251 S.W.2d 883. Therefore, the trial court correctly found as a matter of law that no negligence of appellee caused this accident.

Judgment affirmed.